THE STATE v. AGEE, *Appellant.*

1. **Arraignment.** Judgment reversed because the record fails to show that the prisoner was arraigned.
2. **Attempt to Shoot.** To constitute an offense under Wag. Stat., sec. 33, p. 450, it is not necessary that the person whose life is endangered by defendant's act, shall actually be injured. It is as much an offense under that section to shoot at a man and miss him, as to shoot at him and hit him.

*Appeal from Carroll Circuit Court.*—Hon. E. J. BROADDUS, Judge.

This is an indictment charging the defendant with shooting at one George Gartin, in a case and under circumstances which would have constituted manslaughter if death had ensued. Defendant was convicted and appealed to this court.

*Hale & Eads* for appellant.

*J. L. Smith,* Attorney-General, for the State.

SHERWOOD, C. J.—I. As the record shows no arraignment of defendant, this, under repeated adjudications, must accomplish the reversal of the judgment.

II. But notwithstanding that the judgment must be reversed, it is necessary that we decide the main point which induced this appeal. It is insisted that as the testimony does not show that Gartin was wounded or anywise injured by the pistol shot fired at him by defendant, that, therefore, the conviction could not stand, even had the defendant been duly arraigned. The indictment is framed under 1 Wag. Stat., sec. 33, p. 450. That section is as follows: "If any person shall be maimed, wounded or disfigured, or receive great bodily harm, or his life be endangered by the act, procurement or culpable negligence of another, in cases and under circumstances which would constitute murder or manslaughter, if death had ensued,

the person by whose act, procurement or negligence such injury or damage of life shall be occasioned, shall, in cases not otherwise provided for, be punished by imprisonment in the penitentiary or county jail," &c.   We have frequently held that an indictment based on the section referred to need not state that the act was done willfully, intentionally, with malice, with a deadly or dangerous weapon, or under circumstances which had death ensued, would have constituted murder or manslaughter.   *State v. Moore*, 65 Mo. 606, and cases cited.   The indictment, however, in the present instance, follows the language of the statute, and is very full, charging that the defendant, "by the said act, assault and shooting, feloniously did endanger the life of the said George H. Gartin, in a case and under circumstances which would have constituted manslaughter, and made the said Francis M. Agee guilty of manslaughter had the death of the said George H. Gartin ensued and resulted from the aforesaid assault and shooting."   We hold it quite too plain for argument that it is as much of an offense under section 33, *supra*, to shoot at a man and *miss* him, as it is to shoot at him and *hit* him.   Otherwise, the language of that section, "*or his life be endangered by the act*," &c., is absolutely meaningless, since the first part of that section had already provided for cases where injury had resulted in consequence of the unlawful act.   Judgment reversed and cause remanded.   All concur.

REVERSED.