THE STATE v. WILLIAM FINE, Appellant.—23 S. W. (2d) 7.

Division Two, December 11, 1929.

*Stratton Shartel,* Attorney-General, and *Henry Depping,* Assistant Attorney-General, for respondent.

196

DAVIS, C.—In an information filed by the prosecuting attorney in the Circuit Court of Lawrence County, defendant was charged with assault with intent to kill with malice aforethought. The jury returned a verdict of guilty as charged in the information, and assessed his punishment at imprisonment in the penitentiary for a term of two years. He appealed from the judgment entered on the verdict.

The evidence presented for the State warrants the finding that one O. C. Samuels rented from defendant on shares five acres of ground owned by defendant's mother. On September 27, 1928, the following occurred:

Samuels was on the land cutting corn. Defendant approached with a rock in his hand and said to Samuels that he would rather he would not cut the corn. Samuels replied, "You know why I rented the ground." Defendant then said, "Yes, but I don't aim for you to get the fodder." Samuels said that he told him that was the way he had rented it, and he was to have two-thirds. Defendant said, "You don't aim to cut it." Defendant ordered him to get out, cursing him. Samuels then said that he told him he

would not leave, and defendant replied that he would leave or he would kill him, and that if he was not gone by the time he got back, he would kill him. Defendant went to his house and returned with a rifle, cursing Samuels and his father. At the muzzle of his rifle he marched Samuels to the house and off the place. The rifle was cocked. About an hour elapsed between the first and second visit. The gist of the testimony of Samuels was corroborated by Mr. and Mrs. Arnhart, both of whom testified to admissions, except the swearing. Defendant told the constable, who arrested him, that the rifle was loaded.

Defendant's testimony tended to show that he was entitled to the fodder, as a custom obtained in that country to leave the fodder on the land. He said Samuels came to the field and began cutting corn during his absence, and, when he remonstrated with him, Samuels cursed him and drew back his corn knife as though to behead him. Defendant then went to his home and obtained the rifle and the rock. He said he did not get the rifle because Samuels drew the knife, but because he would not leave. Defendant testified that he did not intend to shoot Samuels, but obtained his gun for the purpose of driving him out. He said that the rifle was loaded, and that he pointed it at Samuels.

I. The motion for a new trial charges that the information is defective, in that it fails to aver that the defendant pointed a loaded rifle within shooting distance at the prosecuting witness. As the information charges that defendant pointed at him a rifle loaded with powder and a leaden ball, we take it that the gist of the complaint relates to the then present ability of defendant to inflict injury on Samuels. The information avers that defendant did then and there unlawfully, wilfully and feloniously in and upon the person of Samuels, feloniously, on purpose and of his malice aforethought did make an assault and did then and there, on purpose and of his malice aforethought, feloniously point a rifle loaded with powder and leaden ball, at Samuels, which defendant held in his hands with intent then and there Samuels, on purpose and of his malice aforethought, feloniously to kill and murder.

An assault has been defined to be any attempt, or any threatening gesture showing in itself or by words accompanying it, an immediate intention, coupled with the ability, to commit a battery. [2 R. C. L. 525.] It will be noticed that the information avers that an assault was made by defendant on Samuels with a loaded rifle, and that it was made in and upon his person. Consequently, it may be implied from the use of the word *assault* that defendant had the present ability to commit a battery and that he was within shooting distance of Samuels at that time. Moreover, the informa-

tion avers that the assault was in and upon Samuels's person, and the assault could not have occurred in and upon his person, if he had not been within shooting distance. Precedents sustain the validity of the information. [State v. Shelton, 267 S. W. 938; State v. Baird, 271 Mo. 9, 195 S. W. 1010.]

II. It is said that the conviction of defendant for assault with intent to kill with malice was not justified by the evidence. To that we cannot agree. The evidence upon the part of the State develops a purpose to inflict an injury, unless Samuels complied with the condition. It also tends to show that defendant had no right to impose such condition and, consequently, the same rule applies as though an unconditional intent to inflict an injury obtained. The facts developed herein are evidentiary of an assault with intent to kill with malice under Section 3262, Revised Statutes 1919, and it was for the jury to say whether defendant entertained malice. It would seem that no doubt obtains but that the facts establish an assault with intent to kill without malice. [State v. Epperson, 27 Mo. 255; State v. Dooley, 121 Mo. 591, 26 S. W. 558.] The question treated is whether the facts are evidentiary of an assault with intent to kill with malice aforethought. We think they are, for, from the facts adduced, the jury were authorized to find that malice existed, and instructions to that effect, on a similar state of facts, were approved in State v. Painter, 67 Mo. 84. Therefore, the evidence justified an instruction for assault with intent to kill with malice aforethought.

III. However, an assignment of error charges the trial court with error in failing to instruct the jury on assault with intent to kill without malice, under Section 3264, Revised Statutes 1919. Although defendant did not request an instruction of that nature, he complains in his motion for a new trial of the failure of the court to give it, and, as it involves the law of the case, if the facts justified it, the court is to be charged with error in failing to give it. [State v. Burrell, 298 Mo. 672, 252 S. W. 709.]

The facts develop that a dispute arose between Samuels and defendant relative to the corn. Defendant charged an intention to take corn and fodder belonging to him. Defendant testified that Samuels brandished a corn knife and drew it back as though to behead him. Defendant stated that he did not get the rifle because Samuels drew the corn knife, but because he would not leave. Defendant said his purpose was to drive Samuels out, but that he did not intend to shoot him.

Section 3693 provides that, upon an indictment for felonious assault, the jury may find defendant guilty of any offense necessarily included in the charges against him. Section 3264 defines as a crime any act that endangers the life of any person. A person's life may be endangered without actual injury ensuing. [State v. Agee, 68 Mo. 264.] Therefore, one may be convicted under this section of an assault which endangers the life of another, even though he had no malice towards him. Defendant's purpose, so he said, was to drive Samuels from the field, not to shoot him. From the fact that he did not shoot and from his statement that he did not intend to shoot, it was within the province of the jury to find that defendant bore no malice toward Samuels, but that his primary purpose was to protect and defend his rights and property. The facts in this case are not analogous to the facts found in State v. Jones, 217 S. W. 22, State v. Turnbo, 267 S. W. 847, or State v. Cruts, 288 Mo. 107, 231 S. W. 602, in which it was held that defendant's testimony was contrary to the physical facts, for the right to and the protection of defendant's property were not involved, and an actual attempt was made to cut the throat of the prosecuting witness, or shots were fired. Under the facts herein, it was for the jury to say whether malice, on defendant's part against Samuels, was present, resulting that the trial court erred in not instructing the jury relative to assault with intent to kill without malice under Section 3264.

IV. Defendant also contends that the jury should have been instructed as to common assault. General malevolence or recklessness is sufficient to constitute common assault. [State v. Llewellyn, 93 Mo. App. 469, 67 S. W. 677.] Consequently, defendant's evidence and admissions develop a common assault. If defendant intended to shoot Samuels, the grade would then arise to that of assault with intent to kill, either with or without malice, as a jury may find. Defendant says he did not intend to shoot Samuels, and the evidence shows that he did not fire the rifle. Under the facts in this case and defendant's testimony, an instruction on common assault should have gone to the jury, for we do not think the physical facts destroy its force.

V. Instruction One is attacked because, first: It does not define an assault with intent to kill or state facts sufficient, if found to be true, to constitute an assault. Second: It does not require the jury to find that the prosecuting witness was in shooting distance when defendant leveled the rifle at him. Third: It was a roving commission to the jury to determine the facts constituting an assault with intent to kill with malice.

The instruction reads:

"If the jury find, etc., that defendant, in and upon one O. C. Samuels, feloniously, on purpose and of his malice aforethought did make an assault and did then and there on purpose and of his malice aforethought feloniously assault him the said O. C. Samuels with a certain rifle loaded with gunpowder and leaden balls with the intent then and there him, the said O. C. Samuels, on purpose and of his malice aforethought feloniously to kill and murder, you will find the defendant guilty and assess his punishment at imprisonment in the state penitentiary at not less than two years, and unless you so find you will acquit the defendant."

It is evident from defendant's testimony that he made an assault on Samuels, for he admits that he drove him from the field at the point of a loaded rifle. Consequently, it was not prejudicial error to fail to define an assault. The instruction requires the jury to find that he made an assault on Samuels with a certain rifle loaded with gunpowder and leaden balls with intent to kill and murder. While the instruction is not as full and clear as to the facts as may be, yet, under the facts in this case, it was neither misleading nor prejudicial. Moreover, while it probably would have been better for the instruction to have required the jury to find that at the occurrence the defendant was within shooting distance of Samuels, yet, as the evidence raises no controversy as to that, but shows that he was within such distance, the omission was not harmful. While the findings predicated in the instruction were not as full and definite as may be, yet the instruction was not a roving commission as defendant maintains. The instruction, on a retrial, is capable of being revamped to meet the objections urged.

As error was present, the judgment is reversed and the cause remanded. *Henwood* and *Cooley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur, except *Walker, J.,* absent.