STATE of Missouri, Respondent,

v.

Robert Emmett BURNS, Appellant.

No. 47098.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1959.

Rehearing Denied Nov. 9, 1959.

William J. Costello, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Robert T. Donnelly, Sp. Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant was charged with the felony of assault, with malice aforethought, under the provisions of Section 559.180 (all statutory references are to RSMo 1949, V.A. M.S.). He was also charged with eight prior felony convictions. See Section 556.-280. A jury found defendant guilty of the offense charged and fixed his punishment at imprisonment in the penitentiary for a term of 75 years, but, as indicated by the stated punishment, he was found "not guilty" of the prior convictions. Defendant has duly appealed from the ensuing judgment.

Upon this appeal defendant does not challenge the sufficiency of the State's evidence to support the conviction. We will, however, relate such facts as we consider necessary for an understanding of the points briefed.

The Star Novelty Company was engaged in the vending and coin machine business with offices at 4151 Delmar in the City of St. Louis, Missouri. The prosecuting witness, John J. Gazzoli, was an official of the company and occupied an office at the Delmar address. Harry Dorn was general manager of the company.

Mr. Gazzoli testified that at 9 a. m. on March 21, 1958, he was seated at his desk when suddenly the door of his office opened and three masked men appeared, each holding a gun. The first man (later identified as defendant) was about two feet inside the door, another man was in the doorway, and the third was behind him. When Mr. Gazzoli reached for his gun the three men began shooting at him. He was able to get out his gun and fire six shots at the men. The two in the rear ran and escaped. The "leader" (defendant) "careened backwards" and fell in the showroom just outside the office door. Gazzoli followed defendant out of the door and struck him on the head with his empty gun. At about this time Harry Dorn came from a rear room and "belly-flopped" on the defendant. Thereafter, Mr. Dorn got up and "held a gun on this man" until the police arrived.

Immediately after Mr. Dorn "took over" Mr. Gazzoli had an employee drive him to a hospital where it was found that he had four bullet holes in his stomach, three holes in one arm, and two "nicks" on the other arm. An operation was performed and two bullets were removed from his body. A ballistic expert expressed the opinion that both of those bullets had been fired from the gun which defendant had dropped when he fell outside the door of Mr. Gazzoli's office. Defendant received a bullet wound in one of his arms upon the occasion in question.

Defendant did not testify at the trial. The only evidence he offered was the testimony of one witness by whom he sought to impeach the testimony of two of the witnesses offered by the State.

The first point briefed is that the court erred in admitting in evidence certain exhibits entitled "Certified Transcript of Serial Record." These exhibits were offered by the State in an effort to comply with the requirements of Section 556.280. They disclosed certain facts relating to the imprisonment of defendant in the Missouri State Penitentiary and his discharge therefrom and were duly certified and sworn to by the warden of the penitentiary. Defendant's contention seems to be that those

exhibits were not the best evidence and that proof of the facts shown therein should have been made by producing the original records and having the same identified by the custodian thereof. The contention is without merit. We have repeatedly held that such copies of the records, duly certified by the warden, are admissible in evidence. See State v. Garrison, Mo.Sup., 305 S.W.2d 447, and State v. Peterson, Mo.Sup., 305 S.W.2d 695, and cases cited therein. Moreover, as heretofore stated, the verdict of the jury failed to find any prior conviction of the defendant. In that situation we have recently stated that "any issue involving prejudicial error in receiving the exhibits in evidence passed out of the case." State v. Sarkis, Mo.Sup., 313 S.W.2d 723, 727.

■ The next assignment relates to the alleged bad faith of the assistant circuit attorney in offering proof of eight prior convictions and, in his closing argument, suggesting that the jury disregard the evidence relating to such convictions. Such conduct is said to have deprived defendant of his liberty without due process of law and to have denied him equal protection of the law. It appears to us that this assignment is merely a complaint concerning the alleged prejudicial argument of counsel for the State. We have carefully examined the portion of the argument complained of and find nothing that would constitute error. In substance, the assistant circuit attorney stated that if the jury failed to find that defendant had been priorly convicted the jurors could disregard that evidence but should, nevertheless, assess a long period of imprisonment which he suggested should be 199 years. It was certainly not improper for counsel to argue concerning the duty of the jury in the event it failed to find the required facts relating to the alleged prior convictions. Moreover, we note that no objection was made to the argument now complained of and hence it would appear that the point is not actually before us for

review. State v. Nolan, Mo.Sup., 316 S.W.2d 630.

■ Complaint is also made of the refusal of the court to give defendant's requested instruction "C" on circumstantial evidence. In that connection it should be noted that there was direct evidence to support a finding of defendant's guilt. Mr. Gazzoli testified that the man who fell outside the door of his office had been the first to enter his office and the first of the men to fire at him. He further stated that he had the man in his vision until Mr. Dorn "took over." Mr. Dorn testified that the man he took charge of was the defendant. Since the State's case was not wholly circumstantial, no instruction upon circumstantial evidence was required and it was not error to refuse the one requested. State v. Wilson, Mo.Sup., 248 S.W.2d 857; State v. Loston, Mo.Sup., 234 S.W.2d 535; State v. Mangercino, 325 Mo. 794, 30 S.W.2d 763.

■■ The court refused to give defendant's instruction "D" which would have authorized a conviction for assault with intent to kill without malice aforethought. Defendant contends that such refusal was error. He seems to take the position that in a prosecution for assault with malice aforethought it is mandatory, under Section 556.230, for the trial court to instruct on the lesser offense of assault without malice. We do not agree. It is well established that an instruction on the lesser offense is required only if there is evidence to support such a submission. There was no such evidence. The evidence is that three men, masked and armed, approached unannounced and entered the office of Mr. Gazzoli. They did not orally announce their purpose, but their acts and conduct spoke unmistakably of malicious and unlawful intent. There was positive evidence that they all shot at Mr. Gazzoli and that defendant fired the first shot. At least two of his bullets were effective. The evidence indicates an assault with malice

aforethought, and no other interpretation of their conduct is reasonably possible. There was no evidence of any provocation such as would reduce the grade of the offense. State v. Cruts, 288 Mo. 107, 231 S.W. 602; State v. Turnbo, Mo.Sup., 267 S.W. 847; State v. Bongard, 330 Mo. 805, 51 S.W.2d 84.

In his reply brief defendant says that the fact that Gazzoli was reaching for his gun was sufficient provocation or justification to entitle defendant to the instruction on the lesser offense. That contention is unsound. The act of the prosecuting witness in reaching for his gun was not an act of provocation which would authorize a conviction for assault without malice. If that act had any beneficial effect in regard to the defense, it would have been to authorize submission of the defense of self-defense. That is quite doubtful, however, because the conduct of defendant and his associates in entering the office masked and armed no doubt caused Mr. Gazzoli to reach for his gun. We need not determine, however, whether the evidence would have required a self-defense instruction, as no contention is made that such an instruction should have been given. Under the evidence presented, defendant was either guilty of assault with malice or was not guilty at all. It therefore follows that the court did not err in refusing the requested instruction.

The final point briefed is that the punishment fixed by the jury (75 years' imprisonment) amounts to cruel and unusual punishment in violation of Article I, Section 21, Constitution of Missouri 1945, V.A.M.S. An examination of the motion for new trial discloses that this point was not raised therein and hence it is not before us for review. State v. Tellis, Mo.Sup., 310 S.W.2d 862.

An examination of that part of the record relating to matters not required to be preserved in the motion for new trial or presented in the brief discloses no error. We have concluded that the defendant was

afforded a fair trial and that the judgment should be affirmed. It is so ordered.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.