**STATE of Missouri, Respondent,**

v.

**Melvin Eugene NELSON, Appellant.**

**No. 56464.**

Supreme Court of Missouri, Division No. 2.

June 28, 1971.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 13, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Edward D. Hodge, Edwards, Seigfreid & Runge, Mexico, for appellant.

STOCKARD, Commissioner.

Melvin Eugene Nelson, appellant herein, was charged with assault with intent to kill with malice, in violation of § 559.180 (all statutory references are to RSMo 1969, V. A.M.S.), but was found guilty by a jury of the lesser included offense, State v. Bryant, Mo., 375 S.W.2d 122, of assault with intent to kill without malice in violation of § 559.190. The jury could not agree on the punishment and it was assessed by the court at imprisonment for a term of three years. This appeal followed.

A jury reasonably could find from the evidence that after appellant and Herbert Jackson had an argument and a fight, with practically no physical encounter, they separated, but as appellant walked away he turned and shot Jackson in the shoulder as Jackson was running away from him. Appellant testified that he had no intention of hitting Jackson, but that he intended to shoot over his head to scare him.

Appellant first contends that it was error to instruct the jury on the lesser included offense of assault without malice because "all of the evidence indicated that the appellant fired the pistol intentionally and after thinking about it beforehand." It is interesting to note that appellant contended at the time the instructions were given that "if there was an assault, it was without malice aforethought."

Appellant's contention is without merit for two reasons. First, § 556.220 provides that "Upon indictment for any offense consisting of different degrees, as prescribed by this law, the jury may find the accused not guilty of the offense charged in the indictment, and may find him guilty of any degree of such offense inferior to that charged in the indictment, or of an attempt to commit such offense, or any degree thereof; * * *." As previously noted, an assault in violation of § 559.190 is a lesser included offense of an assault in violation of § 559.180, State v. Bryant, supra, and a defendant convicted of the lesser offense may not complain because the

evidence shows him guilty of a greater offense. State v. McQuerry, Mo., 406 S.W.2d 624; State v. Foster, Mo., 338 S.W.2d 892.

Second, it is the particular province of the jury to determine the facts, and in so doing it may determine the testimony it chooses to believe. State v. Stroud, 362 Mo. 124, 240 S.W.2d 111, 113. In this case it was entitled to believe the testimony showing an assault in violation of § 559.190 and disbelieve the testimony tending to show the malice aforethought necessary to support a finding of a violation of § 559.180.

■ Appellant next asserts that the court erred in refusing to give an instruction on common assault, and we agree. § 559.220 provides that "Any person who shall assault or beat or wound another, under such circumstances as not to constitute any other offense herein defined, shall, upon conviction, be punished * * *."

In State v. Lynn, Mo.App., 184 S.W.2d 760, 767, it was said:

"There can thus be no doubt that as a general proposition of law, a defendant who is brought to trial upon a charge of assault with intent to kill may be convicted of the lesser offense of common assault which is involved in the commission of the felony charged. * * * The degree of the offense depends upon the intention with which the act was done; * * * and if the evidence excludes a felonious intent, the defendant may be found guilty of a common assault from the facts relied upon to show the greater offense."

In this case the defendant testified that he intended to shoot over the head of Jackson to scare him and that he had no intention of hitting him. If believed, this testimony would preclude a finding of any intent, with or without malice to kill and would authorize a finding of common assault in violation of § 559.220.

We conclude, however, that under the circumstances of this case, the error did not result in prejudice to appellant. The court gave Instruction No. 5 as follows:

"If you find and believe from the evidence that at the time of the alleged assault upon Herbert Jackson referred to in Instructions No. 3 and 4, the defendant intended to fire a shot harmlessly and over the head of Herbert Jackson, you must find the defendant not guilty of the assault with intent to kill."

By this instruction there was submitted to the jury the factual situation which appellant relies on to establish his right to an instruction on common assault, and the jury was told that if they found that factual situation then instead of returning a verdict of guilty of common assault they should acquit the appellant. By its verdict the jury resolved the issue of whether the shot was fired with intent to kill. If the jury had determined the factual issue as contended by appellant, by reason of Instruction No. 5 it would have acquitted him. Appellant cannot now claim prejudice that if the jury had found the facts to be as he contends, he was entitled to have been found guilty of common assault instead of being acquitted.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alternate Judge, concur.

FINCH, J., not sitting.