STATE of Missouri, Plaintiff-Respondent,

v.

Tommy WEBB, Defendant-Appellant.

No. 35873.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 7, 1975.

318

———◇———

John C. Danforth, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

Charles D. Kitchin, Public Defender, Thomas J. Nold, Asst. Public Defender, St. Louis, for defendant-appellant.

SIMEONE, Presiding Judge.

This is an appeal by defendant-appellant, "Tommy" Webb from a judgment of conviction whereby he was sentenced to five years in the department of corrections for carrying a concealed weapon and to twenty-five years for assault with intent to kill with malice to run consecutively. Sections 564.610, 559.180, RSMo 1969, V.A.M.S. He appeals the conviction for assault with intent to kill with malice. On this appeal, defendant does not question the sufficiency of the evidence, but claims (1) that the trial court erred in failing to instruct the jury on assault with intent to kill without malice, § 559.190, and on common assault, § 599.220 and (2) that the trial court erred "in connection with its ruling on the applicability of the Second Offender Act in finding that the defendant was the same person who had a prior conviction for robbery" since the difference in the spelling of the first name "Tommie" as distinguished from "Tommy" renders the court's finding "insufficient." For reasons hereinafter stated we affirm.

On the afternoon of March 18, 1972, at about 4:00 p. m., Police Officer Edward Delaney stopped at the Anders' Standard service station at 4126 W. Florissant Avenue on his way home from work to see about some tires for his private automobile. Delaney was operating his private vehicle and was still wearing his policeman's uniform. While at the station Officer Delaney saw the defendant, Webb, another man and a woman drive into the station in an auto. Defendant and the woman stepped out of the vehicle, walked across Florissant Avenue toward a Velvet Freeze Ice Cream Store on the corner of Adelaide and West Florissant and entered. The other man drove the auto away, circled the block and passed the service station two or three times. When the defendant and the woman companion came out of the ice cream store, they went over to the automobile which had circled the block and spoke to the driver. The automobile then pulled away, but defendant and the woman went

into a nearby small food store. Officer Delaney followed them into the store and took a position near the cash register. Defendant looked in the direction of Delaney, took a bag from a rack containing potato chips, went to the register, asked for some "Certs", paid the cashier and left the store. But as defendant started to "grab hold" of the door to exit, Officer Delaney noticed a "large bulge in his left waistband." Delaney followed Webb from the store, stopped him, identified himself as a police officer and requested defendant to produce some identification. Delaney said, "I'd like to know who you are and what you are doing in the area." Webb first objected to the stopping then began going through his pockets, pulled out a matchbook from his upper shirt pocket and said, "Well, I'll show you my identification," at which time he "hunched over a little bit" and with his right hand "jerked" a nickel (chrome) plated revolver (.38 caliber Smith and Wesson) from the left side of his waistband, pointed it toward Officer Delaney and fired. Delaney was not hit; he dropped to one knee, threw up his left arm and hit defendant's right arm. Still in a crouching position, he then drew his revolver and fired three times, striking defendant once in the upper thigh and once in the area under the upper abdomen. The bullet from defendant's gun did not injure Delaney, but had he remained standing, the gun would have been pointed at the stomach area. Officer Delaney identified State's exhibit #2 (the gun) as being similar to the gun the defendant used and which was later recovered near the scene of the shooting.

After the shooting, defendant ran down an alley into a lot where trucks were parked. He collapsed 150–200 feet away.

John Anders, the operator of the service station, Jack Findley, an employee therein, and Robert Armer, vice president of the

Velvet Freeze Foods, Inc. and who was inside the Velvet Freeze store, all corroborated Officer Delaney's testimony in every essential detail. Mr. Anders testified that the gun was pointed "towards mid-waist" and the gun held by the defendant "went off." All four witnesses identified the defendant as the person who drew the revolver from his waistband and fired it. Patrolman Paul Roy who was called at the time of the incident, placed the defendant under arrest at the scene and conveyed him to a hospital.

A fire-arms examiner testified that the gun recovered was a double-action revolver [1] which requires about ten pounds pressure to pull the trigger. The revolver will not fire except by (1) pulling the trigger all the way back or (2) having the trigger pulled back and then releasing the hammer. It will not fire if the hammer is merely pulled back and released. The examiner test-fired the gun.

During the trial and out of the hearing of the jury, the State was permitted to present court records through a deputy clerk in the office of the circuit clerk for criminal causes showing that "Tommie" Webb had pleaded guilty to first degree robbery by means of a deadly and dangerous weapon on December 6, 1967, and had been sentenced to seven years' imprisonment on January 30, 1968. The court found that the defendant "Tommy" Webb had previously entered a plea of guilty for the offense, was sentenced and discharged on July 1, 1971, and in effect held that defendant "Tommy" Webb was the same person as "Tommie" Webb who had been sentenced previously. The State offered to produce a fingerprint expert to testify that the individuals were one and the same, but the court did not see "the necessity of it."

Defendant presented no evidence. The trial court instructed the jury on assault with intent to kill with malice and also that

1. According to the expert, this means that the "trigger has to be pulled fully rearward with the hammer in the forward position . . . in order for the gun to fire." If the hammer is just pulled back, it will not fire, even if it were knocked.

the burden was on the State to prove that the shooting was not an accident. The court inquired if defense counsel would request an instruction on assault with malice and one without malice. Defense counsel replied, "That is correct." But the trial court stated that an instruction on assault without malice would be refused because of the lack of evidence to warrant such an instruction.

Defendant's motions for acquittal in the name of "Tommie" Webb were denied.

The jury returned a verdict of guilty on both counts—carrying a concealed weapon and assault with intent to kill with malice. The motion for new trial was overruled, and on November 21, 1973, after granting allocution, the trial court sentenced defendant to five years for carrying a concealed weapon and to twenty-five years for assault with malice. Defendant made timely appeal to this court by giving notice that "Tommie" Webb appeals the judgment entered on November 21, 1973.

On this appeal defendant makes two points: (1) "the trial court erred in failing to instruct the jury on assault with intent to kill without malice and on common assault, inasmuch as the evidence supported such instructions" [2] and (2) the trial court erred, in connection with its ruling on the applicability of the Second Offender Act, in finding that the defendant was the same person who had a prior conviction for robbery. The evidence of the difference in the spelling of the first name ("Tommie" as distinguished from "Tommy") "renders the court's finding insufficient." The State, of course, disagrees.

■ We believe that the defendant preserved the issue of the court's failure to instruct on assault with intent to kill without malice. Defendant included this claim of error in his motion for new trial. State v. Gale, 322 S.W.2d 852, 856 (Mo.1959).

There are many Missouri statutes proscribing assault under a wide variety of circumstances and labels with punishments ranging as low as a $100.00 fine to imprisonment for life. See, Richardson, Assault, Committee Comments on Missouri Approved Criminal Instructions (The Missouri Bar, 1974). Sections 559.180,[3] 559.-190,[4] 559.200, 559.210, 559.220, 557.215, 216.460, RSMo 1969, V.A.M.S. The ones involved here are assault with malice aforethought, often referred to as "aggravated assault", § 559.180, and assault without malice, or as it is designated in the statute's title, felonious assault, § 559.190, and common assault, § 559.220.

■ The General Assembly in its wisdom has classified these assaults and has determined that the more serious or aggravated the assault the more severe the punishment. Assault without malice under § 559.190 may be regarded as assault with intent to kill or do great bodily harm, or to commit a felony, while assault with malice aforethought under § 559.180 may be viewed as an assault with intent to kill *by shooting, stabbing* or by means of a deadly weapon or force likely to produce death or

---

2. Defendant does not allege any trial errors with reference to his conviction for carrying a concealed weapon.

3. "559.180. Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by imprisonment in the penitentiary not less than two years."

4. "559.190. Every person who shall be convicted of an assault with intent to kill, or to do great bodily harm, or to commit any robbery, rape, burglary, manslaughter or other felony, the punishment for which assault is not hereinbefore prescribed, shall be punished by imprisonment in the penitentiary not exceeding five years, or in the county jail not less than six months, or by a fine not less than one hundred dollars and imprisonment in the county jail not less than three months, or by a fine of not less than one hundred dollars."

great bodily harm. Richardson, supra, at 6.

■ Many decisions of our courts have stated that the essential ingredient of § 559.180 is "malice aforethought", and that the existence of malice aforethought is the basic distinction between §§ 559.180 and 559.190. State v. Gillespie, 336 S.W.2d 677, 680 (Mo.1960); State v. Watson, 356 Mo. 590, 202 S.W.2d 784, 786 (1947). But upon closer examination, the true distinction "lies in a general weighing together of all the facts and circumstances including the comparative strength and positions of the parties, the presence or absence of 'provocation' or justifying, mitigating, excusing or aggravating circumstances, the weapon or means or force employed, the manner in which the weapon or force was employed, the injury sustained, etc." Richardson, supra, at 22–23.

■ It is also abundantly clear that an instruction on the lesser offense—assault without malice—is required only if there is evidence to support such a submission. State v. Burns, 328 S.W.2d 711, 713 (Mo. 1959); State v. Washington, 357 S.W.2d 92, 95 (Mo.1962); State v. Jackson, 477 S.W.2d 47 (Mo.1972).

■ Under all these legal principles, we believe that there was no evidentiary support to instruct on assault with intent to kill without malice. The evidence shows that the defendant drew a loaded revolver from his waistband, aimed it at the officer, intentionally pulled the trigger and the double-action revolver discharged. Had Delaney not taken the evasive action he did, it is probable that he would have been struck. The law presumes malice as a concomitant of an assault with a deadly weapon in the absence of countervailing testimony or circumstances. State v. Jackson, supra, 477 S.W.2d at 53; State v. Burns, supra, 328 S.W.2d at 713–714. Under this evidence we believe that the trial court did not err in failing to instruct on assault with intent to kill without malice.

■ This point raised by defendant concerns two other sub-points. He argues that the evidence justifies an inference that defendant did not intend to shoot or kill Delaney, but intended "merely to express his annoyance with the police officer; and that the shooting was entirely accidental and occurred because the officer over-reacted to the situation and struck defendant's hand as defendant drew the gun." He implies that since there was evidence to warrant an accident instruction,[5] an instruction on the lesser offense of assault with intent to kill without malice is required. We disagree. Under the facts of this case defendant was either guilty of assault with malice or he was entitled to an acquittal because the assault was excusable. State v. Johnson, 326 Mo. 1030, 33 S.W.2d 912, 913 (1930).

■ Neither did the court err in failing to instruct on common assault. Even though the court has the duty to instruct upon all questions of law, whether requested or not, § 546.070, rule 26.02, V.A.M.R., State v. Washington, supra, 357 S.W.2d at 94, § 556.230, there is no evidence in this case to support such an instruction. State v. Bazadier, 362 S.W.2d 603, 607 (Mo. 1962); State v. Burns, supra.

5. "INSTRUCTION NO. 4 With reference to Count II, the Court instructs the jury that one of the issues in that Count is, if the defendant did shoot at Edward Delaney, whether that shooting was an accident.

On this issue you are instructed that the defendant is not required to prove that the alleged shooting was an accident, if it occurred, but the burden of proof is upon the State to show the shooting was not an accident and that the shooting was intentionally done by Tommy Webb with the intention of killing Edward Delaney, and the State must make this proof beyond a reasonable doubt; and unless the State has made this proof beyond a reasonable doubt, then you must find the defendant not guilty of Assault with Intent to Kill with Malice Aforethought under Count II."

The decisions relied upon by defendant are all distinguishable or are not dispositive of the issues presented here. For example, in State v. Fine, 324 Mo. 194, 23 S.W.2d 7 (1929), where there was evidence that defendant's purpose was to drive another off property but did not intend to shoot, and where the gun was not discharged, the court concluded that an instruction on the lesser offense should have been given. It noted and distinguished the cases where shots had been fired or actual attempts had been made to seriously injure or kill a victim. See State v. Jackson, supra, 477 S.W.2d at 53. We have examined the other decisions relied upon and conclude they do not control the issues herein.[6]

Defendant also contends there was plain error in failing to give the lesser assault instructions. Rule 27.20(c). There was not. There was no evidentiary support for the instruction and there was no manifest injustice.

 Defendant's second contention that the court erred in finding that defendant "Tommy" Webb was the same person as "Tommie" Webb who had a prior conviction for robbery in January, 1968, because of the difference in spelling of the first name so that the second offender act[7] was erroneously applied is wholly without merit. The rule of idem sonans is applicable. State v. Griffie, 118 Mo. 188, 23 S.W. 878, 881 (1893); State v. Sheets, 468 S.W.2d 640, 642 (Mo.1971). The difference between the spelling of the first names is insignificant. State v. Cook, 463 S.W.2d 863, 868 (Mo.1971). Furthermore, the trial court had before it the Certified Transcript of Serial Record showing a detailed physical description of the defendant. The trial judge had every opportunity to compare the man before him with the physical description of the person named in the transcript. State v. Cook, supra, 463 S.W.2d at 869. The indictment charged "Tommy" Webb also known as "Tommie" Webb.

We find no error in this respect.

We have read the entire transcript, the briefs of the parties, the decisions relied upon and conclude that there was no error.

The judgment is therefore affirmed.

McMILLIAN and GUNN, JJ., concur.

---

6. State v. Bryant, 375 S.W.2d 122 (Mo. 1964); State v. Nelson, 470 S.W.2d 464 (Mo. 1971)—defendant complained it was error to instruct on lesser offense.

7. § 556.280, RSMo 1969, V.A.M.S.