230 S.W.2d 764 (1950)
STATE
v.
SCOTT.
No. 41780.
Supreme Court of Missouri, Division No. 1.
June 13, 1950.
*765 E. L. Redman, Albany, for appellant.
J. E. Taylor, Attorney General, Julian L. O'Malley, Assistant Attorney General, for respondent.
*766 CONKLING, Judge.
Defendant-appellant, John A. Scott, was convicted of obtaining money, with intent to cheat and defraud, by giving a check drawn upon a bank in which he knew he had no funds, in violation of Rev.Stat.Mo.1939, Sec. 4694, Mo.R.S.A. Upon the jury's verdict he was sentenced to two years in the state penitentiary. He thereupon appealed.
In the above statute it is provided that, "Every person who, with intent to cheat and defraud, shall obtain * * * from any other person * * * any money * * * by means of a check drawn * * * on a bank in which the drawer of the check knows he has no funds * * * shall be deemed guilty of a felony", and upon conviction be punished by imprisonment not exceeding seven years.
The information charged that in Gentry County, Missouri, with intent to cheat and defraud, defendant obtained $4 from G. M. Silvers by giving the latter a check for $4 drawn upon the First State Bank of Leoti, Kansas, in which bank defendant well knew "he had no account" for the payment of said check; that defendant represented that he had money in said bank subject to the check and that Silvers believed such representation to be true and relied thereon. In the briefs filed by the Attorney General and by defendant it is conceded that the prosecution was under Sec. 4694.
The evidence established that Mr. Silvers (a filling station operator in King City, Missouri) loaned defendant $1.50; that later defendant asked Silvers to cash defendant's check for $4 drawn upon the First State Bank of Leoti, Kansas; that Silvers did so and accepted from defendant the check, signed by defendant, for that sum on the above bank and gave defendant $2.50; that before Silvers cashed defendant's $4 check defendant said to Silvers: "I know I have eighteen dollars in the Leota Bank, I would not want to give a check without the money there and it is there * * * I would not give a check that wasn't good"; that Silvers later deposited defendant's $4 check in his (Silvers') account for collection in his own local bank in King City; that defendant's check thereafter, by mail, was returned uncollected to Silvers by his local bank; that Silvers' own account in his local bank was charged with the $4; that when the check was returned to Silvers, written on the bottom of the check with a red pencil were the words: "No Acct." It was upon defendant's representation that defendant had the money in the Leoti bank that Silvers accepted defendant's check and gave defendant the money.
Defendant did not testify. The above is all that appears in the evidence in this case as to whether there was, in fact, a First State Bank of Leoti, Kansas; whether defendant had any funds in such a bank, or if he did, the status of such account; and whether defendant knew he had any funds in such a bank. There was no evidence as to why the $4 check signed by defendant and cashed by Silvers was not honored and paid. Defendant called his brother-in-law, L. B. Worford, of Wichita, Kansas, as his only witness. The latter gave no testimony upon any matter which is pertinent to any question upon this appeal.
At the close of all the evidence defendant requested an instruction that under the law and the evidence the jury should find defendant not guilty. The refusal of that instruction in the nature of a demurrer to all the evidence is assigned as error.
Other parts of this statute, than that above quoted, have often been before this court in prosecutions for false pretenses. See, 13 Mo.R.S.A., pages 945 to 957. This section of the statute, as it existed in 1909, see, R.S.Mo.1909, § 4765, was amended in 1913, see Laws Mo.1913, p. 222, by the addition of the words, "or by means of a check drawn, with intent to cheat and defraud, on a bank in which the drawer of the check knows he has no funds, or by means, or by use, of any corporation stock or bonds." We do not find that the statute has been amended since 1913.
We agree with the Attorney General that while Sec. 4694 provides that the obtaining of money, property or other valuable thing by other methods (i. e., trick or deception, artifice and confidence game) is also prohibited by that section and made a felony, that under this information the *767 State had to prove that defendant obtained money from Silvers with intent to cheat and defraud, by means of a check drawn on a bank in which defendant knew he had no funds, and that Silvers believed and relied on defendant's representation. Under this statute the obtaining of money, property or other valuable thing, with intent to cheat and defraud, by use of the different methods therein named are prohibited. Only one of those different methods is charged in this information. Only one method need be charged. But the State must prove the particular method to cheat and defraud which is prohibited by statute and which is charged in the information.
Is the evidence sufficient to sustain the conviction? We rule that it is not.
The fact that when the check for $4 was mailed back to Silvers from his local bank it bore the red pencil notation, "No Acct." falls far short of establishing the gravamen of the State's case. There if no proof as to who placed the words "No Acct." on the check. It does not appear when they were placed there or for what purpose. The appearance of those words on the check cannot substitute for any necessary proof. Among other things, the burden was on the State to prove (1) that defendant had no funds in the bank, and (2) that defendant knew he had no funds in the bank. The proof in this case does not establish either one. For all that appears in the testimony here defendant may have had funds in that bank, and he may have known he had funds there. Nothing appears to the contrary.
From the fact that when the check was returned to Silvers it had on it the red pencil notation "No Acct." we cannot presume defendant had no funds in the Leoti bank or that there was such a bank. The burden was upon the State to establish those facts. We cannot even presume, absent evidence of such fact, that the check was ever presented to the First State Bank of Leoti, Kansas. And if the last stated fact appeared affirmatively here, we could not, absent affirmative proof, presume that defendant had "no funds" in that bank. And while intent to cheat and defraud may be shown by circumstances from which such intent may be inferred, the further essence of the instant charge that defendant knew he had no funds in the bank cannot be presumed from anything of record before us. The burden was upon the State to establish these matters beyond a reasonable doubt. But the State failed to establish them at all. Citation of authority is unnecessary.
For the reasons hereinabove noted, as to deficiencies of the evidence, instruction one was without supporting evidence. That instruction authorized the jury to find that defendant did not have any funds on deposit in the First State Bank of Leoti, Kansas, "all of which the said (defendant) then and there well knew." The instructions must be based upon the evidence and may not predicate a fact situation, and authorize a conviction thereon unless those facts were established by the evidence in the case. For this reason it was error to give instruction one. State v. Bartlett, Mo.Sup., 224 S.W.2d 100.
Defendant's objection to permitting the State to prove by Mr. Silvers the negative fact that he (Silvers) did not write the words "No Acct." upon the check was without merit and the circuit court did not err in overruling it. But such proof did not meet the State's burden to prove the basic essentials of its case. Under these circumstances we will not substitute for the required proof any presumption that in the ordinary course of banking business defendant's check was presented to the Leoti bank and was dishonored because defendant had no funds in that bank.
We cannot affirm any judgment which takes from any person his liberty until and unless upon the trial of the case, the State produces and introduces for the jury's consideration the proof basically necessary under the statute under which such person was charged and tried.
Upon retrial the State may be able to produce evidence which will satisfy the legal requirements. Therefore, the judgment of the circuit court is reversed and remanded. It is so ordered.
All concur.