**STATE of Missouri, Respondent,**

v.

**Wendell KLEEN, Appellant.**

**No. 56968.**

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Lynn M. Ewing, Jr. and Gerald D. McBeth, Ewing, Ewing, Carter, Wight, Woodfill & Middleton, Nevada, for appellant.

WELBORN, Commissioner.

Wendell Kleen was charged with obtaining property by means of a check drawn, with intent to defraud, on a bank in which he knew he had no funds. § 561.450, RSMo 1969, V.A.M.S. A jury found defendant guilty and assessed a punishment of a fine of $1,000.

Wendell Kleen, a resident of Nevada, Missouri, was in the business of buying and selling grain. His practice was to sign checks in blank and give them to truck drivers in his employment who would pick up grain purchased by Kleen and at the time of delivery fill in the check for the purchase price. Kleen, in February or March, 1970, opened an account with the Farmers Bank of Walker in Vernon County. On June 1, 1970, that bank decided to close Kleen's account. A cashier's check for $7.47, the balance in Kleen's account, was drawn and mailed to Kleen on that date, together with a letter informing him that the account had been closed.

On June 4, 1970, an unidentified driver appeared at the Feeders Grain Storage Corporation in Tarkio and obtained a truckload of corn. The driver gave the Feeders' representative one of Kleen's blank checks, drawn on the Farmers Bank of Walker, and the representative filled in the name of the payee and the amount of the check, $1,027.85. The check was deposited in Feeders' account at a Tarkio bank and subsequently returned to that bank uncollected with the notation "Account closed by request of Bank."

At the trial of defendant, the only evidence as to the delivery to defendant of the notice from the bank of the closing of his account was Kleen's testimony that he obtained the letter at his post office box in Nevada at around 2:00 P.M. on June 4. The time of the transaction at Tarkio on the same date does not appear.

The contention that the trial court should have sustained his motion for a judgment of acquittal because the state's evidence was insufficient on the issue of appellant's knowledge that he had no funds in the bank on which the account was drawn is well taken. Section 561.450, supra, requires, in a case such as this, that the defendant know he had no funds in the bank on which the check was drawn. State v. Scott, Mo.Sup., 230 S.W.2d 764, 767 [4, 5]. Such knowledge is an element of the offense which must be shown by the state beyond a reasonable doubt. In this case, the state relied upon the notice from the Farmers Bank of Walker on June 1, 1970 that the account had been closed as evidence of Kleen's knowledge on June 4 when the check was tendered that he had no funds in the Walker bank.

For the purpose of numerous business transactions, the law does give effect to presumptions arising from the use of the mails in carrying on commercial affairs. See Hood v. M. F. A. Mutual Insurance Company, Mo.App., 379 S.W.2d 806; 29 Am.Jur.2d Evidence, §§ 193–198, pp. 246–252. However, for the invocation of such presumptions in a civil case, more evidence is required than was here produced by the state. For example, the evidence failed to show the address on the envelope nor was the payment of the proper postage shown. Nor was there any evidence as to the time for delivery in the ordinary course of the mails of a letter mailed in Walker and addressed to a Nevada address. See Hood v. M. F. A. Mutual Insurance Company, supra.

Ultimately, the only evidence in this case as to the time of Kleen's receipt of notice that his account had been closed was Kleen's testimony. Of course, the jury was not obliged to believe Kleen's testimony but disbelief of his testimony could not

supply the essential element of knowledge which the state was obliged to show. See State v. Archer, Mo.Sup., 6 S.W.2d 912, 914.

The state having failed to establish an essential element of the offense charged and no contention being made that the check was issued subsequent to Kleen's admitted receipt of notice of the closing of his account, appellant's motion for judgment of acquittal should have been sustained.

Judgment reversed and defendant ordered discharged.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and SEMPLE, Special Judge, concur.

BARDGETT, J., not sitting.