STATE of Missouri, Plaintiff-Respondent,

v.

Joel Edward RICE, Defendant-Appellant.

No. 35849.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 15, 1975.

Alfred I. Harris, Samuel Raban, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis, Missouri, on a jury verdict finding him guilty of murder, second degree, § 559.030, RSMo 1969, V.A.M.

S., and assessing his punishment at ten (10) years in the custody of the Department of Corrections.

For reversal the defendant has brought forward four claims of error: (1) failure of the state to make a submissible case; (2) admission of state's exhibit without proper identification; (3) improper cross-examination of defendant's wife and (4) failure to correct improper jury argument. For reasons hereinafter given, we affirm the judgment of conviction entered by the trial court.

First, we hold that defendant's claims as to the insufficiency of the evidence is without merit for two reasons. In his brief, defendant makes the assertion that the court erred in failing to sustain his motion for judgment of acquittal at the close of the entire case. Rule 26.10, V.A.M.R., requires that a defendant make his motion for a judgment of acquittal at the conclusion of the evidence on either side. Defendant, for some undisclosed reason, filed his motion for judgment of acquittal on 29 October 1973, twenty-seven days after the rendition of the jury verdict.

While we note that defendant's motion was unseasonably filed, yet we hold that the question of the sufficiency of the evidence is not foreclosed if the question is raised in the motion for a new trial. State v. Burnett, 365 Mo. 1060, 293 S.W.2d 335 (Mo. Banc 1956).

On 11 February 1975, in the case of State of Missouri v. Rice, Division Four of this court, 519 S.W.2d 573, Cause No. 35767 affirmed the conviction of Antonia Rice, defendant's wife. The state proceeded on the theory that the two were accomplices even though the actual shooting was done by a third party. Thus, for a full, detailed narrative of the evidence we refer you to the 11 February 1975 opinion. Here it will suffice to say that the evidence in this case showed that immediately before the shooting both defendant and his wife told Chester Ward to shoot the deceased, and thereafter they all fled in defendant's car. Thus, we hold that there was sufficient evidence to make a prima facie case because (1) accessories to a crime may be convicted in the same manner as principals, § 556.160, RSMo 1969, V.A.M.S., and (2) the evidence of defendant's participation and flight was sufficient to support the conviction. See State v. Fletcher, 320 S.W.2d 476 (Mo.1959).

Our review of the record convinces us that each of the exhibits complained about were properly identified and admitted into evidence. Exhibits 6–8 consisted of spent shell casings and a spent pellet. Both were stored in evidence containers, properly marked and identified. The positive identification by the officer rendered proof of chain of custody unnecessary. State v. Strong, 484 S.W.2d 657 (Mo.1972) and State v. Coleman, 441 S.W.2d 46 (Mo. 1969).

After the state offered Exhibits 13 through 21 (photographs) into evidence, the defendant's counsel stated that he had no objections. Thereafter the court asked again whether or not counsel had any objections to the admission of the photographs. Counsel said, "Just general objections, Judge." The court replied that the general objections were overruled and counsel said, "No questions." And the court said, "Very well." The records show neither any objection to the admission of the exhibits nor any inclusion of the issue into the motion for a new trial. For these reasons alone, we could overrule the contention now being urged. In any event, we hold where exhibits are offered into evidence and the opposing party makes no objection and there is no showing of prejudice, that there is no reversible error simply because the court failed to expressly say that the exhibits are admitted into evidence in compliance with the offer. We rule this point against defendant.

Defendant's third complaint centers around what he contends to be improper cross-examination of his wife, An-

tonia Rice. On direct examination, in defendant's case in chief, his counsel established not only that Antonia Rice was a prostitute but also that defendant had knowledge of the fact. On cross-examination, the prosecutor, without any objections, reaffirmed that defendant knew that his wife was a prostitute who worked the Fort Leonard Wood area; that the deceased, Michael Collor was contributing to her, and that on occasions defendant visited Antonia Rice at Fort Leonard Wood. Defendant denied, however, that any of his visits were to pick up the proceeds of her vocation or that he was her pimp. These last two inquiries prompted defendant's counsel not only to object but also to request a mistrial for " . . . trying to influence the jury and . . . [n]o evidence at all about that . . . ." A defendant who testifies in his own behalf may be cross-examined regarding any matter referred to in his direct examination and may be contradicted and impeached as any other witness, § 546.260, RSMo 1969, V.A.M.R., and State v. Wallace, 504 S.W.2d 67 (Mo.1973). Nor is the state confined to a categorical review of matters covered on direct examination but rather may cover all matters within the fair purview of the subject matter of the direct examination. See the discussion in State v. Scown, 312 S.W.2d 782 (Mo.1958). Moreover, the trial court enjoys wide discretion in the determination of the scope of cross-examination. State v. Winn, 324 S.W.2d 637 (Mo.1959). Here defendant brought up the subject of prostitution on his direct examination and the state was merely permitted to cross-examine him as to the details. So, we find no abuse of discretion or error in this regard.

■ In connection with the same claim of error defendant raises on appeal, that the inquiries as to his receipts of the proceeds from his wife's vocation and whether or not he was her pimp, impermissibly and prejudicially injected other crimes for which he was not on trial. Our search of the record reveals that the objection made at the time of the question neither called the court's attention to the present claim nor was the present claim of error contained in defendant's motion for a new trial. Thus, the allegation now made has not been preserved for review because the objection was untimely and unspecific and the allegation was not included in the motion for a new trial. Rule 27.20(a), V.A. M.R.; State v. Simmons, 500 S.W.2d 325 (Mo.App.1973) and State v. Wallace, supra.

■ Defendant's final contention that the court permitted unfair and prejudicial remarks of the state's prosecutor during closing argument has not been preserved for our review. Three times the remark was made by the prosecutor, "[T]hat's him; shoot him." At no time did defendant's counsel object to the remarks. Nor did the motion for a new trial present, with particularity, the claim now being asserted. Rule 27.20(a).

Finding the judgment not clearly erroneous, the judgment is affirmed.

SIMEONE, P. J., and GUNN, J., concur.