**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Thurman Lee CARTER,
Defendant-Appellant.**

**No. KCD 28611.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before PRITCHARD, P. J., SWOFFORD, C. J., and DIXON, J.

DIXON, Judge.

Defendant appeals his conviction as a second offender of the crime of robbery first degree.

Defendant raises as a single point of error that the evidence was insufficient to support the charge.

The single issue raised by the defendant, that of sufficiency, requires that the evidence be reviewed for that evidence favorable to the verdict.

In the context of the instant case, the measurement of the evidence must be against the information filed and the instruction given, as the thrust of the defendant's contention on the issue of sufficiency is not that the elements of a criminal act were not shown, but that the evidence does not support the charge made and the verdict found.

The information in relevant part reads as follows:

". . . did feloniously rob, steal, take and carry away certain property, to-wit: Twenty-Nine Dollars ($29.00) . . . the money and personal property of the said Church's Chicken, a corporation, in the care and custody of Donald Williams, from the person and against the will of the said Donald Williams, . . . by putting the said Donald Williams in fear of an immediate injury to his person; . . ."

The State's principal instruction, in relevant part:

"First, . . . Donald Williams was in charge of miscellaneous U. S. currency and coin, and

Second, . . . the defendant and another, by means of a dangerous and deadly weapon, took the property from Donald Williams against his will by causing him to fear immediate injury to his person, and . . ."

The verdict found is as follows:

"We, the jury, find the defendant, THURMAN LEE CARTER, guilty of robbery in the first degree, as submitted in Instruction No. 6."

The evidence and favorable inferences would establish the following. Defendant was on the premises of the restaurant at about 10 p. m. The defendant requested free food and told the manager he would rob him if he did not receive the food. At about 11:45 p. m., the defendant and another approached the restaurant. The purported victim, Williams, testified that as he saw the defendant approaching he told a female worker to wait on them and retreated to the back room and told the manager who was using the telephone that they were about to be robbed. Williams then stationed himself at what he described as a peephole from the back room to the serving area and observed the defendant approach the female employee, demand money, and take money from the female employee. The female employee had removed the money from the cash register. The defendant had his hand concealed in his shirt front when he demanded the money. Two police officers who had been parked nearby for the surveillance of the restaurant because of recent robberies apprehended the defendant in the parking lot and recovered the money. Williams was adamant in his testimony that nothing was taken from him or his person. No gun was found. The police officers made a report that indicated that Williams had taken the money from the register and handed it to the defendant. The officer at trial said the female employee handled the money and that the report was erroneous. Vigorous cross examination failed to change the testimony of either of the officers, each insisting that the female employee handled the money and that the report was in error. The only variance in the testimony of the officers and Williams is that the officers indicate that they saw the defendant have a conversation with Williams. The officers were 50–60 yards away in their car and, of course, could not relate any conversations. Williams' testimony is that he did not talk to the defendant.

The evidence shows a robbery; the problem is that it does not show the robbery that is charged, submitted to the jury and found in their verdict.

It is elementary that the proof in the case must be of the charge laid in the information, and a variance between the proof and the charge is error. *State v. Scott*, 230 S.W.2d 764 (Mo.1950).

■ So also, the instructions must be supported by the evidence. *Scott, supra*; *State v. Dayton*, 535 S.W.2d 469 (Mo.App. 1976); *State v. Dayton*, 535 S.W.2d 479 (Mo.App.1976). The two *Dayton* cases cited are analogous to the instant case, for in those cases as here, the information properly charged an offense, and the instruction submitted the essential findings required by the information, but the proof was lacking on the essential allegation and finding that it was the procreative organ of the named defendant which accomplished the sodomy. In the instant case, there is no evidence that this defendant took the money from the witness Williams, as the information charges, and the instruction requires as a finding.

■ It is, of course, necessary that the departure or variance between the proof and the information, or between the proof and the instruction be prejudicial to the defendant.

Typical of cases in which some variance has been found not to be prejudicial are *State v. Scott*, 534 S.W.2d 537 (Mo.App. 1976) and *State v. Batchelor*, 418 S.W.2d 929 (Mo.1967). In these cited cases, the variance or evidentiary failure was as to the ownership of the property taken and in each the court held that the essential proof that the property was not that of the defendant sufficed. *State v. Davis*, 482 S.W.2d 486 (Mo.1972) is more factually parallel to the instant case. In *Davis*, the defendant was charged in the information with taking a purse from one girl and the proof was that the purse was taken from a different girl accompanying and having custody of the purse of the owner whose name was alleged in the information. The instruction required a finding by the jury that the purse was taken from the "presence" of the owner, and the evidence supported that finding. The information was in the alternative and also alleged the purse was taken from the "presence" of the owner. There was no variance.

In this case, however, there is no evidence of any possession, actual or constructive by Williams of the money taken from the fe-

male employee. It is not shown that Williams was in charge of her activities or even that he was authorized to make change or open the register. The proof shows affirmatively he was not the manager.

That prejudice exists in this situation is evident from the record. After the jury retired, they queried the trial judge by written questions. They were as follows:

"Request copy of Police Report and Line-up Report.

"Jury members do not understand Instruction # 6 First.

"Was Donald Williams in charge of Miscellaneous U.S. Currency?

Sam Zuzich"

"To the Jury: It is the jury's duty to remember the evidence and follow the instructions given by the court.

Judge Hall"

These questions demonstrate the jury's concern as to the possession by Williams of the currency, a required finding of the instruction upon which there was no evidence. The request for the police report was no doubt referable to the same issue since defense counsel had in cross examination put before the jury the officers' report which indicated Williams was in possession of the currency, a fact the officer denied at trial by direct testimony and by assertion that the report was in error.

The second *Dayton* case cited above is similar in this respect to the instant case, for there the jury by its inquiry disclosed its confusion by the failure of the proof.

Defense counsel, at the time the issue of possession arose, complained of the difficulty for the defense arising from the change in testimony from the information and the police report which had been furnished to the defendant. True enough, the objection was on the ground that discovery of a supplemental report mentioned by the officer had not been afforded, but the remarks of counsel indicate that he was meeting with evidence entirely different than that which the information and police report would indicate was to be offered.

The evidence required that the defendant meet a different proof than that alleged in the information and contained in the police report. Such disadvantage is clearly prejudicial to a proper defense.

The disposition of the case presents some difficulty. The proof appears to be sufficient to support a conviction of the defendant for a taking from the unnamed female employee. Likewise, there may be proof that Williams had, in fact, some connection with the custody of the currency.

In the circumstances, it seems proper to reverse and remand, and the State may then elect to either offer further proof on the instant charge or dismiss and file a new charge properly alleging the victim.

The judgment and conviction are reversed and the cause remanded.

All concur.