STATE of Missouri, Respondent,

v.

Robert Lee INGRAM, Appellant.

No. 39087.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

Robert C. Babione, Public Defender, James E. Sullivan, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Katherine Marie Krause, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Presiding Judge.

A jury convicted defendant of second degree murder and assault with intent to kill with malice. He was sentenced to consecutive prison terms of 35 and 10 years. Defendant appeals, alleging the trial court erred (1) in denying his motion for acquittal on the murder charge and (2) in refusing to instruct on lesser included offenses.

We first consider defendant's motion for acquittal on the murder charge because of allegedly insufficient evidence. Defendant contends the evidence failed to show a common intent and his affirmative participation in the homicide. We consider the facts in the light most favorable to the state. *State v. Chase*, 444 S.W.2d 398[1] (Mo.1969).

The jury could have believed that on the evening of February 20, 1977 defendant, Keith Hayes, Mark Hayes and another companion were ordered off the Kingsland Manor Hotel premises by Richard Jones, a security guard. The four men returned later, each armed with a pistol, and knocked on the door of the manager's room in search of Jones. When police officer Robert Porter answered the door, Keith Hayes flourished his gun and motioned Porter out into the hall. He forced Porter to walk down the hall and to place his head and hands against the wall. Defendant and the other two men followed. The group had waited

for several minutes when Jones rounded the corner. Keith Hayes and Mark Hayes each fired a shot at Jones. Meanwhile, officer Porter drew his gun and fired at Mark Hayes. All fled except defendant, who exchanged shots with Porter and then ran limping to the nearest exist. Jones was dead on arrival at the hospital.

■ To render a defendant a participant in a crime, he must associate himself with the venture in some fashion and take some affirmative action. *State v. Jackson*, 519 S.W.2d 551[2–9] (Mo.App.1975). Here defendant's activity is sufficient to support his conviction. He accompanied Hayes and the others to the hotel with guns. Defendant remained with the others while they lay in wait for Jones. Furthermore, after the others had fled, defendant remained on the scene long enough to exchange shots with officer Porter. Presence, companionship and conduct before and after the offense are circumstances from which one's participation can be inferred. *State v. Hudson*, 508 S.W.2d 707[1–4] (Mo.App.1974). The state made a submissible case on both charges.

■ Defendant next contends the trial court erred in refusing his proffered instructions on assault with intent to kill without malice and on assault with intent to do great bodily harm. He admits the trial court is not compelled to instruct on included or lesser offenses. *State v. Washington*, 357 S.W.2d 92[6–8] (Mo.1962). He argues, however, that such a rule casts on defendant the burden of proving the lesser offenses in violation of his right to due process.

In support of this contention, defendant cites *Mullaney v. Wilbur*, 421 U.S. 699, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), where the court struck down the Maine rule requiring a defendant charged with murder to prove he acted in the heat of passion in order to reduce the homicide to manslaughter. Our case is different. In *Mullaney* the offending rule shifted the burden of persuasion as well as the burden of producing evidence from the state to defendant. Here, to be entitled to an instruction on a lesser, included offense, there must be some supporting evidence but the burden of persuasion remains on the state. The Supreme Court recognized the distinction in *Mullaney* at l.c. 701, 95 S.Ct. at 1891, holding: "Many states do require the defendant to show that there is 'some evidence' indicating that he acted in the heat of passion before requiring the prosecution to negate this element by proving the absence of passion beyond a reasonable doubt . . . Nothing in this opinion is intended to affect that requirement."

In our case the state bore the ultimate burden of proof on the issue of malice. Instruction No. 9, MAI–CR 6.22(a) so charged the jury in both affirmative and negative terms.

Alternatively, defendant contends the trial court erred in refusing his proffered instructions because they had evidentiary support. Not so. The state's evidence showed defendant came to the scene of the crime armed with a pistol. Officer Porter first fired at Mark Hayes and then as defendant's companions fled, Porter and defendant exchanged shots. Defendant's defense was alibi.

In *State v. Webb*, 518 S.W.2d 317[4–6] (Mo.App.1975) the court held malice is presumed where the assault is with a deadly weapon and no offsetting circumstances are presented.

■ The evidence here is similar and no evidence of countervailing circumstances was offered. The state's evidence proved the assault was committed with a deadly weapon for the purpose of killing officer Porter. Defendant presented no evidence to prove he engaged in the assault for any purpose or without a deadly weapon. On this record, defendant was either guilty of assault with intent to kill with malice or he was not guilty of any offense. See *State v. McCoy*, 530 S.W.2d 8[4] (Mo.App.1975). Defendant presented no evidence supporting the submission of an instruction on assault with intent to kill without malice or assault with intent to do great bodily harm. Compare *State v. Watson*, 364 S.W.2d 519 (Mo.

1963). Accordingly the trial court did not err.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.