STATE of Missouri, Respondent,

v.

Henry L. DUNCAN, Appellant.

No. KCD 29578.

Missouri Court of Appeals,
Kansas City District.

July 3, 1978.

J. Arnot Hill, Hill & Gamm, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Henry Duncan was convicted on two counts of assault with intent to do great bodily harm with malice. Section 559.180, RSMo 1969. After the jury was unable to agree upon punishment, the court assessed concurrent 15-year terms on each count.

On this appeal Duncan challenges the sufficiency of the evidence. Affirmed.

There was evidence from which the jury could have reasonably found that in July, 1976, about 5:30 P.M., Officers Fleming, Jones and Lipka of the Kansas City Police Department were dispatched to a house to investigate a disturbance involving an armed person. When the officers arrived at the residence, they observed a young man, later identified as Duncan, standing on the front porch with a shotgun. When Duncan saw the officers he pointed the gun at them then retreated into the house. Shortly afterwards the officers saw a screen covering a second floor window knocked out and a gun extended pointing at Officer Lipka. A shot was fired from this gun which struck the officers' patrol car. Officer Lipka returned the fire and Duncan was struck by flying glass.

A short time later Sgt. Long of the police department arrived and took up a position next to Officer Lipka behind a patrol car. A few minutes later another shot was fired from the same second floor window. No one was struck by this shot. A few minutes later a third shot was fired from the same window. This shot struck Officer Lipka and some pellets struck Sgt. Long's boot. Officer Lipka suffered extensive wounds and required hospitalization.

There was evidence from which the jury could find there was no one else in the house at the time the shots were fired except Duncan. Duncan readily admitted firing a .410 gauge-pump shotgun. He stated the first shot was accidental and although the last two were fired intentionally, he denied any intent to injure anyone. Although Duncan's point in his brief challenges generally the sufficiency of the evidence, his argument is directed largely at the failure of the evidence to show Duncan intended to do any harm to Sgt. Long. This argument tacitly concedes the evidence was sufficient to support a finding of guilt as to the count which charged the assault

with malice as to Officer Lipka. However, Duncan denies the evidence is sufficient to show an assault under § 559.180 against Sgt. Long because there was no evidence to show he intended to kill or cause great bodily harm to Sgt. Long. Duncan seems to argue this conclusion must follow because the evidence failed to show Duncan was aware of Sgt. Long's presence in addition to that of Officer Lipka. The argument concludes that it was purely accidental when Sgt. Long was struck by shotgun pellets because Duncan did not know Sgt. Long was in a position to be struck.

The evidence brings this case squarely within the well established rule that "[t]he law presumes malice as a concomitant of an assault with a deadly weapon, in the absence of countervailing testimony or circumstances." *State v. Kopf,* 481 S.W.2d 7, 9[1, 2] (Mo.1972).

Here there was no countervailing evidence and, in fact, the evidence shows the shots were intentionally fired. In that circumstance the presumption is fully operative and the evidence was sufficient to allow the jury to find an assault with intent to do great bodily harm with malice as to both Officer Lipka and Sgt. Long.

The judgment is affirmed.

All concur.