**STATE of Missouri, Respondent,**

v.

**Frank FEAST, Appellant.**

**No. 40169.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 15, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Shaw, Howlett & Schwartz, James J.
Knappenberger, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, Michael Elbein, Asst. Attys. Gen., Jef-

ferson City, Ronald L. Boggs, Pros. Atty., Charles E. Bridges, Asst. Pros. Atty., St. Charles, for respondent.

CRIST, Judge.

A jury convicted defendant of assault with intent to kill with malice and set punishment at five years imprisonment. We affirm.

Defendant's appeal maintains the court erred in giving the following instruction: "As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 1, 1976, in the County of St. Charles, State of Missouri, the defendant, Frank Feast, shot at Major Melbourne Gorris, and

Second, that he did so with malice aforethought, that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time, and

Third, that he did so with intent to kill Major Melbourne Gorris, then you will find the defendant guilty under Count II of assault with intent to kill with malice aforethought.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty under Count II of that offense.

If you do find the defendant guilty under Count II of assault with intent to kill with malice aforethought, you will fix his punishment at imprisonment by the Department of Corrections for a term fixed by you, but not less than two years nor more than life imprisonment."

Defendant argues the instruction is faulty because not supported by evidence the defendant "shot at" Major Gorris by shooting in his direction and because the use of the title "Major" may have misled and confused the jury by suggesting shooting at a major was a more serious offense than shooting at a private citizen. We disagree.

The evidence favorable to the state shows that the defendant "shot at" Major Gorris. On the night of December 1, 1976, Officer Rushing responded to a call to report to an address in O'Fallon, Missouri. He spoke momentarily with defendant's wife and son. Shortly after Officer Rushing arrived, the defendant fired a revolver in the direction of the officer. Defendant held the revolver in his right hand, and he stood in the doorway of his home when he fired. Officer Rushing called for assistance and asked that Major Melbourne Gorris, the police administrator of O'Fallon, be notified. The defendant again fired in the direction of Officer Rushing before the episode concluded one to two hours later.

When Major Gorris arrived, he first went to talk with defendant's wife and then took a position outside the defendant's house. Major Gorris identified himself to the defendant and endeavored to speak with defendant through a bullhorn. During the episode, defendant would periodically appear at his door or step out of his door. On one occasion, defendant opened the door and fired a shot. Major Gorris heard the blast, saw the flash, and heard what sounded like a bullet go past and hit just behind him. Gorris had "heard that before."

The police officers who testified maintained the shape of the flash produced when defendant fired his gun in the dark and the position of defendant's arm when he fired indicated defendant pointed the gun with his right hand and fired in the direction of Major Gorris and another officer rather than into the air. A neighbor confirmed the shape of the flash from defendant's gun. During the episode, defendant made threats to kill police if they did not kill him. One bullet did hit Gorris's car, leaving a crease in the car. The police also recovered a spent .38 caliber slug from the area in which Major Gorris had been during the shooting episode. This slug was identified as having been fired from defendant's gun.

The episode giving rise to the charges ended when Major Gorris wounded defendant in his leg and took defendant into custody. At the time defendant was shot, defendant was turning his right arm toward Major Gorris with a .38 caliber revolver in his hand.

It is axiomatic that an instruction must be supported by the evidence. *State v. Carter*, 559 S.W.2d 572, 574 (Mo.App. 1977). However, we believe the foregoing evidence sufficiently proves defendant shot in the direction of Major Gorris and supports the instruction requiring the jurors to find defendant "shot at" Major Gorris. The evidence need not be indisputable that the defendant aimed and shot at the particular prosecuting witness. *State v. Duncan*, 568 S.W.2d 598 (Mo.App.1978) (evidence defendant discharged a shotgun in the direction of a police officer justified a conviction for an assault upon a different police officer also in that direction but unknown to defendant).

We also disagree with defendant's contention that the instruction's reference to the prosecuting witness as "Major Melbourne Gorris" misled and confused the jury. Throughout the trial, the witness in question was referred to as Major Gorris. Further, during the shooting episode, the witness had identified himself as Major Gorris to defendant over a bullhorn. Appellant's contention has no merit.

Defendant's appeal also contends the trial court erred in failing to instruct the jury upon the lesser included offense of assault with intent to kill without malice because sufficient evidence was before the court to show lack of malice.

Our review of the transcript does not reveal evidentiary support for defendant's contention he was entitled to an instruction upon assault with intent to kill without malice. Defendant's evidence shows: Defendant heard someone call to him to come outside to talk. When he opened the door to his home, gun shots were fired. Defendant is left-handed and could not fire a gun with his right hand. He had a gun but only shot it up into the air and after the police had fired upon him. Periodically, shots would hit his house. He spoke to the police from his doorway after the police threatened they were going to use tear gas. He then turned around in his doorway, and the next thing of which he was aware was that he was shot. At the time he was shot, he carried his .38 revolver in his left hand. Another gun was unloaded and laying on his couch. He had not exited his house upon police request because he was afraid to come out without the F.B.I. being present. He never aimed his gun at anyone, and he believed that the police framed him to avoid trouble for shooting defendant.

Defendant's evidence would tend to support the finding that no assault occurred at all, and the trial court properly instructed on that point. Such was not evidence to support a submission of assault without malice. *State v. Ingram*, 568 S.W.2d 562, 563–64 (Mo.App.1978); *State v. Webb*, 518 S.W.2d 317, 321 (Mo.App.1975). A defendant is not entitled to an instruction upon assault with intent to kill without malice or assault with intent to do great bodily harm as lesser included offenses of assault with intent to kill with malice if the defendant's evidence denies any assault. In such case, the defendant is either guilty of an assault with intent to kill with malice or he is not guilty of any offense. *State v. Ingram, supra* (defendant's defense was alibi); *State v. Webb, supra* (defendant's defense was that his gun accidently discharged when the uninjured victim struck defendant's hand).

Finally, defendant's appeal contends that the court erred in permitting Officer Anderson to testify as to his observations of the shooting for the reason that such testimony was not revealed to defendant in response to his discovery request.

O'Fallon Police Officer Anderson was called by the state as a witness. After testifying concerning the seizure and the chain of custody of two guns, he began to relate his observations of the shooting incident. Defendant objected upon the ground that he was not advised that Anderson was an eyewitness to the shooting. Out of the hearing of the jury, Anderson testified that he made no written report concerning what he witnessed at the shooting. However, he had told Major Gorris what he saw. Major Gorris's written report, a copy of which had been received by defendant pursuant to discovery request, did list Officer Anderson as

a witness. In addition, Anderson testified that, prior to trial, he had not informed the prosecuting attorney that he was a witness to the shooting. The prosecuting attorney confirmed this stating that the only thing he knew about Officer Anderson as an eyewitness was that he was listed on Gorris's report as a witness. The prosecutor stated he possessed no statement by Anderson other than that which had been given to the defendant pursuant to the discovery rules. The trial court overruled the objection and Anderson testified as to what he saw on the night of the incident.

Rule 25.32 reads, in part, as follows:

"(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part or all of the following material and information within its possession or control designated in said request:

(1) The names and last known address of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda reporting or summarizing part or all of their oral statements;

(2) Any written or recorded statements and the substance of any oral statements made by the defendant or by a co-defendant, a list of all witnesses to the making, and a list of all witnesses to the acknowledgment, of such statements, and the last known addresses of such witnesses;"

 It is clear that Officer Anderson's statement was only made orally to his superior officer, and equally clear that the prosecutor first learned of this statement, and of the scope and importance of Anderson's testimony, at trial. Rule 25.32(A)(1) does not require categorizing and summarizing of witnesses and their testimony. *State v. Tate*, 543 S.W.2d 514, 517–18 (Mo.App. 1976). The Rule only requires the disclosure of existing statements or memoranda. *See generally, State v. Buckner*, 526 S.W.2d 387 (Mo.App.1975). In the instant case, the prosecutor possessed no written or recorded statement by Officer Anderson not disclosed to the defense and disclosed the only memoranda reporting Officer Anderson's oral statement, Major Gorris's report that Officer Anderson was a witness. No violation of the discovery rules occurred.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.