STATE of Missouri, Respondent,

v.

Rudy WEAVER, Appellant.

No. 40721.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 6, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1979.

Leonard W. Buckley, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was charged in a two-count information with second degree murder and assault with intent to kill with malice aforethought. Trial by jury resulted in a verdict of guilty on the assault charge and a mistrial on the murder charge. The jury assessed punishment at . ten years and the court entered judgment accordingly.

The victims of this shooting incident were Mark Baldwin and Terence Shanks. Baldwin, the victim of the assault, testified that on November 20, 1976, he and Shanks, the deceased, were proceeding down a walkway in the Darst-Webbe Housing Complex when the defendant appeared from behind a trash can with a revolver in his hand and ordered them to halt. The defendant wore an army field jacket and was accompanied by one Darrel Steel who was told by the defendant to search Baldwin and Shanks for weapons. An argument ensued between defendant and Shanks and defendant shot Shanks. Defendant then pointed the pistol at Baldwin and shot him in the abdomen. After shooting Shanks again and then shooting Baldwin in the leg as he attempted to walk away, the defendant ran from the scene. Baldwin stated that he was shot four times and that neither he nor Shanks had a gun that evening.

Several other persons also witnessed the incident. Baldwin's sister testified that she looked out her apartment window and saw the defendant shooting a gun "back and forth." Joyce Sams indicated that she saw Baldwin and three other men standing outside her window. One of the men wore a green army-type uniform and had a gun. She also saw Baldwin and another boy being checked for weapons. She saw the person wearing the green uniform firing at Baldwin as he was backing way. Jerome Tolliver also saw defendant holding a gun and stated that he had shot Baldwin.

Defendant took the stand in his own behalf. He testified that he was arguing with Shanks when Shanks reached into his pocket and pulled out a pistol. Defendant grabbed Shanks and they struggled for the gun. During the struggle the gun discharged wounding Shanks. Defendant stated that his finger was not on the trigger, nor did he recall the number of times the weapon fired. Defendant then took the gun away from Shanks and looked at Baldwin who was backing away with his hands in his pockets. He stated that because he was afraid he started pulling the trigger. He then fled from the scene.

On appeal, defendant contends that the trial court erred in sentencing him to a term of more than five years imprisonment. He argues that the omission of the word "aforethought" in the verdict form makes it unclear whether the jury intended to convict him under § 559.180 RSMo 1969 or § 559.190 RSMo 1969.[1]

Defendant relies on *Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1976) to support his argument. In *Hardnett*, the defendant was charged with and pleaded guilty to assault with intent to maim with malice. He was sentenced to six years in the Department of Corrections. The court in reversing and remanding discussed §§ 559.180 and 559.190. The court concluded that a charge and conviction of assault with malice and with malice aforethought were not the same. It reasoned that since defendant pleaded guilty to assault with malice, and not assault with malice aforethought, he was convicted under § 559.190 RSMo 1969 and not § 559.180 RSMo 1969.[2]

■ Here, the defendant was charged with assault with intent to kill with malice aforethought. The court submitted one assault instruction (No. 8)[3] which required the jury to find that the defendant did the

---

1. § 559.180 RSMo 1969 provides for a punishment range of two years to life imprisonment. The maximum sentence under § 559.190 RSMo 1969 is five years imprisonment.

2. This case was tried prior to the Supreme Court's decision in *Hardnett*. The court recognized there, that both attorneys and judges used rather informal language in describing offenses under §§ 559.180 and 559.190 RSMo 1969. The court stated in Footnote 1:

   It is readily acknowledged that in conversation among lawyers and judges and in a number of opinions the offense of assault with intent, etc., with malice aforethought under Sec. 559.180 is commonly referred to as assault, etc., "with malice", and the assault with intent, etc., under Sec. 559.190 is referred to as assault, etc., "without malice." *Id.* at 853.

3. INSTRUCTION # 8

   As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

   First, that on November 20, 1976, in the City of St. Louis, State of Missouri, the defendant shot at Mark Baldwin, and

   Second, that he did so with malice aforethought—that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time, and

   Third, that he did so with intent to kill Mark Baldwin, and

   Fourth, that such assault by defendant was not justifiable as submitted in Instruction # 9, then you will find the defendant guilty under Count II of assault with intent to kill with malice aforethought.

   However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty under Count II of that offense.

   If you do find the defendant guilty under Count II of assault with intent to kill with malice aforethought, you will fix his punishment at imprisonment by the Department of Correction for a term fixed by you, but not less than two years nor more than life imprisonment. (MAI–CR 6.22, submitted by the State).

act with malice aforethought in order to find him guilty of this assault. It did not give an instruction on the lesser included offense of assault with intent to kill without malice. The verdict returned was in the following form: "Verdict. The clerk: Verdict, Circuit Court of the City of St. Louis, No. 76–3085, State of *Missouri v. Rudy Weaver.* November 19, 1977, On Information For Assault With Intent to Kill With Malice. As to Count 2, we, the jury find the defendant guilty of Assault With Intent to Kill With Malice *as submitted in Instruction No. 8.* We affix punishment at ten years imprisonment. (signed) Andrea H. Rathbone, Foreman." (emphasis added)

Frankly, we find no confusion here, nor do we believe that the jury was confused as to what offense it was convicting the defendant. The jury found defendant guilty as charged in Instruction No. 8, an instruction clearly submitting the offense of assault with intent to kill with malice aforethought. Since this was the only verdict directing instruction submitted on the assault charge, the jury could not have meant to find defendant guilty of the lesser included offense. We rule this point against the defendant.

Defendant next contends that the court erred in permitting the State to cross-examine him about possession of a gun over his objection because this was evidence of a non-related criminal act.

The defendant testified on direct examination that he did not own a firearm and that no one had given him a firearm on or before November 20, 1976. On cross-examination, he denied any knowledge of the operation of automatic handguns. He claimed that he had never fired one or even had one in his possession. The Prosecuting Attorney then asked, "Isn't it a fact on February the 21st of 1976, at approximately 3:40 in the morning, you pointed a gun at Oscar Williams and fired three shots at him?" Defendant objected to the materiality of the question and the court sustained the objection. The defendant requested no further relief; however, the court instructed the jury to disregard the question. The

court did permit the Prosecuting Attorney to ask defendant if he had a gun on February 21, 1976. Defendant answered, "No." He also asked if defendant knew Eric Washington. Defendant responded that he did not. He then asked if defendant had a gun on the 4th of March, 1976. Again, the answer was "no."

Proof of commission of a separate and distinct crime is not admissible unless such proof has a legitimate tendency to directly establish defendant's guilt of the charge for which he is on trial or comes within one of several exceptions to show motive, intent, absence of mistake or accident, a common plan or identity. *State v. Holbert,* 416 S.W.2d 129, 132 (Mo.1967); *State v. Jones,* 578 S.W.2d 286, 288 (Mo. App.1979). Defendant claimed that he did not have a gun in his possession on the evening of the occurrence, but took the automatic pistol from one of the victims and fired it in self-defense. He stated that he did not know how to use an automatic pistol and that he never owned or possessed one. The State had a right to impeach this portion of defendant's testimony which it did by asking the questions of which defendant now complains.

The trial court sustained the defendant's objection as to the State's question regarding defendant's firing a weapon at Williams. The court on its own instructed the jury to disregard the question. Defendant asked for no further relief. In view of the record, we cannot say the court should have granted a mistrial *sua sponte.* The question as to his prior possession of a gun was permissible to impeach the defendant. The trial court has broad discretion in determining the scope of cross-examination. *State v. Rice,* 522 S.W.2d 335, 338 (Mo.App. 1975). We find no abuse of that discretion here.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.