**Robert Lee INGRAM, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43934.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Frederick Steiger, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Movant-defendant Robert Lee Ingram appeals the denial of his Rule 27.26 motion. A jury had found him guilty of murder and felonious assault and the trial court sentenced him to consecutive terms of thirty-five and ten years. We affirmed on appeal. *State v. Ingram*, 568 S.W.2d 562 (Mo.App. 1968).

Defendant now contends the motion court erred in denying his two challenges to the felonious assault conviction. First, because the trial court sentenced him for violating felony section 559.180 RSMo.1969 rather than graded felony section 559.190 RSMo. Second, that the jury selected did not represent a fair community cross-section. Both points concern trial errors defendant could have but did not raise on direct appeal. However, we review the points on our own motion.

The difference between the two assault statutes is in the words "malice aforethought" in the felony statute but not found in the graded felony statute. Here, the indictment charged malice aforethought; so did the state's verdict director. The verdict found defendant guilty of "as-

---

sault to kill with malice, as submitted in Instruction No. 9", the verdict directing instruction.

Defendant's contention the graded felony statute applies is based solely on the indictment's coversheet; of that instrument the true bill statute, section 540.250 V.A.M.R. 1969, makes no mention. The coversheet titled the charge "assault with intent to kill with malice". Only there is the word "aforethought" absent. At most this was a clerical omission not detracting from the unchallenged indictment.

Defendant relies on *Hardnett v. State*, 564 S.W.2d 852 [1–4] (Mo. banc 1978). It is readily distinguishable because there: "as stated, there is no reference to malice aforethought anywhere in the plea-of-guilty proceedings, nor is the concept or element of malice aforethought referred to by definitional terms or alluded to in any respect."

In the felonious assault case of *State v. Weaver*, 591 S.W.2d 727[1] (Mo.App.1979), the word "aforethought" was omitted in the verdict form but included in the state's information and verdict director. We held there was no error. We followed *Weaver* in the felonious assault case of *Woods v. State*, 595 S.W.2d 752 (Mo.App.1980), where as here the information's caption omitted the word "aforethought". No error there nor here.

■ We deny defendant's initial point relied on and consider his present contention he did not get a fair trial because the jury panel was not selected from a fair cross-section of the community. This broad criticism is unsupported by evidence and was raised neither before nor at trial, nor on appeal. It cannot be considered now. *Hemphill v. State*, 566 S.W.2d 200[13, 14] (Mo. banc 1978), and *State v. Phillips*, 596 S.W.2d 752[6–8] (Mo. banc 1980).

Affirmed.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.